**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **RICHARD GARNER FRAUNFELDER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **CIVIL ACTION NO. 06-0256-CG-M** |
| | ) |
| **CITY OF MOBILE, ALABAMA,** | ) |
| | ) |
| **Defendant.** | ) |

**ORDER**

This matter is before the court on the defendant's motion "for leave of court in opposition to the 1/7/08 ruling" which the court construes as a motion for reconsideration and for recusal of the undersigned judge. (Doc. 65).  On January 7, 2008, judgment was entered in this case in favor of the defendant and the case was dismissed. (Doc. 64).  The current motion appears to assert that the ruling was in error because the undersigned judge should not have been assigned to his case.  The plaintiff states that he has a paper or letter from a previous case that has the name Granade on it.  After searching this court's files, the undersigned judge discovered that in 1996, Mr. Fraunfelder was prosecuted in this court for bank fraud.  At that time, the undersigned worked for the U.S. Attorney's Office as the Criminal Chief.  However, the undersigned did not act as prosecutor in Mr. Fraunfelder's case and has no recollection of the case.

A judge should disqualify herself in any proceeding in which her impartiality might reasonably be questioned. 28 U.S.C. § 455.  The undersigned did not participate as counsel in the plaintiff's prior case and has no memory of plaintiff's previous case.  Under such circumstances, there is clearly no personal bias against plaintiff.  In addition,  "[u]nder § 455, the standard is

1

whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." Christo v. Padgett, 223 F.3d 1324, 1333 (11th Cir.2000), cert. denied, 531 U.S. 1191 (2001).   The circumstances in this case would not support a finding that a fully informed lay observer would entertain such doubt about the undersigned's impartiality.  As such, the court does not find that recusal is necessary.  Therefore, plaintiff's motion for reconsideration and recusal (Doc. 65) is **DENIED**.

**DONE and ORDERED** this 25th day of January, 2008.

/s/  Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE